IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WABASHAW

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ELROY L. WABASHAW, APPELLANT.

Filed April 11, 2017.    No. A-16-251.

Appeal from the District Court for Knox County: JAMES G. KUBE, Judge. Affirmed.

Luke P. Henderson, of Fitzgerald, Vetter, Temple & Bartell, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

INBODY, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## INTRODUCTION

Elroy L. Wabashaw filed a "Motion for New Trial on Newly Discovered Evidence," claiming certain evidence could not with reasonable diligence have been produced at trial because of a witness's "blatant perjury and concealing the disappearance of potential exculpatory evidence for the defense." At issue was physical evidence (coins) not produced at trial because they were falsely claimed to have been sent to a crime lab for testing. Because of that, Wabashaw believed he was entitled to a new trial. The Knox County District Court overruled Wabashaw's motion for new trial; we affirm.

## BACKGROUND

In 2006, Wabashaw was convicted of robbery and use of a firearm to commit a felony, and was sentenced as a habitual criminal. He was sentenced to consecutive prison terms of 12 to 14 years for the robbery conviction and 10 to 12 years on the weapons conviction. Wabashaw's

- 1 -

convictions and sentences were upheld on direct appeal. See *State v. Wabashaw*, 274 Neb. 394, 740 N.W.2d 583 (2007). Denial of his first motion for postconviction relief was upheld by this court in case No. A-08-1334, Memorandum Opinion and Judgment on Appeal (mandate entered January 8, 2010). A second motion for postconviction relief was also denied by the district court and upheld on appeal in case No. A-11-0908, Memorandum Opinion and Judgment on Appeal (mandate entered October 17, 2012).

Wabashaw filed an amended third motion for postconviction relief on October 3, 2012, and on October 29 he filed a "Motion to Vacate and Set Aside Sentences and Convictions or Grant New Trial" (motion for new trial). The issue of the coins was raised in both motions. In his postconviction motion, Wabashaw argued that his appointed counsel at all levels were deficient for failing to investigate an officer's claims that he sent the coins to a crime lab, failing to investigate Wabashaw's concerns about the coins, and for failing to ascertain that the officer lied about sending the coins to the crime lab. In his motion for new trial, Wabashaw claimed his "counsel plainly abandoned obtaining test results or lack of results before trial," and failed "to object to trial court's denial of prints." The district court entered an order addressing both motions on February 15, 2013. The court denied relief on the motion for new trial because it was not timely filed and there was no allegation that its timely filing was unavoidably prevented. The court denied postconviction relief because there was nothing to indicate Wabashaw's claims were not available at the time of his first or second postconviction motions. This court affirmed the district court's decision in case No. A-13-232 (summary affirmance sustained, mandate entered January 6, 2014).

We next reviewed Wabashaw's appeal from the denial of his petition for writ of error coram nobis, in which Wabashaw made the same arguments he made in his third postconviction motion and motion for new trial (filed in October 2012) pertaining to the coins. In case No. A-14-162 (mandate entered April 27, 2015), this court sustained the State's motion for summary affirmance, citing to *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014) (an alleged error of fact must be such as would have prevented a conviction; it is not enough to show that it might have caused a different result).

On August 24, 2015, Wabashaw filed another motion for new trial, which is the subject of this appeal. His motion included citations to Neb. Rev. Stat. § 29-2101(3) (Reissue 2016) (accident or surprise which ordinary prudence could not have guarded against), § 29-2101(4) (a verdict not sustained by sufficient evidence or contrary to law), and § 29-2101(5) (newly discovered evidence material for the defendant which could not have been discovered with reasonable diligence and produced at trial). Wabashaw generally asserted that there were material facts which affected his rights and those facts could not with reasonable diligence have been discovered and produced at trial "due to the state witness and representative [sic] blatant perjury and concealing the disappearance of potential exculpatory evidence for the defense." Among other matters alleged, Wabashaw asserted that a witness committed perjury when testifying that "he had sent the evidence to [the] crime lab to test for finger-prints [sic]." Wabashaw further alleged that his trial counsel testified at Wabashaw's first postconviction hearing that "they were told the coins [were] not available," and a letter dated September 21, 2012, from the Nebraska State Patrol crime lab indicated "no such evidence was received." That letter indicated that no coins were received by

the crime lab between April 2005 and February 2006. (The robbery occurred in April 2005; Wabashaw's trial took place in February 2006.)

In its order entered on February 5, 2016, the district court concluded that the evidence and allegations submitted in the current motion for new trial had been addressed twice before. The court referred specifically to the October 29, 2012, motion for new trial and the December 26, 2013, petition for writ of error coram nobis. The court stated that allegations in the pending motion were the same as those addressed in those two previous matters. Consequently, the court concluded that it "need not address for a third time, those allegations and arguments presented by the defendant on at least two prior occasions which, again, address the same allegations and evidence." The court also found that the evidence presented "would not have likely resulted in a different outcome" had Wabashaw raised them at trial. Accordingly, the district court overruled Wabashaw's motion for new trial. Wabashaw timely appealed.

ASSIGNMENT OF ERROR

Wabashaw assigns that the district court erred in denying his motion for a new trial.

STANDARD OF REVIEW

In a criminal case, a motion for new trial is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed. *State v. Oliveira-Coutinho*, 291 Neb. 294, 865 N.W.2d 740 (2015). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

ANALYSIS

*Limitations Period for Newly Discovered Evidence.*

The State argues that when Wabashaw filed his motion for new trial on August 24, 2015, he was outside the limitation period provided by statute. The version of the relevant statute in effect at that time, Neb. Rev. Stat. § 29-2103(4) (Reissue 2008), stated that a motion for new trial based on newly discovered evidence was to be filed "within a reasonable time after the discovery of the new evidence and cannot be filed more than three years after the date of the verdict." Wabashaw's verdict was reached in February 2006, so under the former version of the statute, his motion was filed out of time.

However, § 29-2103(4) was subsequently amended, and became effective August 30, 2015, which was just six days after Wabashaw filed his motion for new trial. See 2015 Neb. Laws, L.B. 245, § 2. Notably, L.B. 245 extended the time to file a motion for new trial based on newly discovered evidence from 3 years to 5 years. L.B. 245 also extended the limitation period beyond 5 years if "the motion and supporting documents show the new evidence could not with reasonable diligence have been discovered and produced at trial and such evidence is so substantial that a different result may have occurred." See § 29-2103(4) (Reissue 2016). Obviously, even the extension to 5 years would not be helpful to Wabashaw given his verdict was reached in 2006. Wabashaw's motion for new trial would have to fit within the requirement that the new evidence could not have been discovered and produced at trial with reasonable diligence, and, importantly,

the evidence must be so substantial that a different result may have occurred. Assuming without deciding that Wabashaw's motion can be considered under the amended § 29-2103(4) even though filed before its effective date, we conclude Wabashaw's claims regarding the absent, untested coins and the alleged witness perjury do not satisfy the requirements of § 29-2103(4), as discussed next.

*Motion for New Trial Based on Newly Discovered Evidence.*

Wabashaw asserts that "[t]he newly discovered evidence produced by [Wabashaw] consists of false testimony and concealment of potentially exculpatory evidence by [the officer] which directly impacted [Wabashaw's] substantial right of a fundamentally fair hearing." Brief for appellant at 16. However, Wabashaw does not satisfactorily explain why, pursuant to § 29-2103(4), this evidence could not have been discovered and produced at trial with reasonable diligence, nor how evidence related to the coins or the testimony was exculpatory or so substantial that a different result may have occurred.

Section 29-2103(4) states:

A motion for new trial based on the grounds set forth in subdivision (5) of section 29-2101 [newly discovered evidence] shall be filed within a reasonable time after the discovery of the new evidence and cannot be filed more than five years after the date of the verdict, *unless the motion and supporting documents show the new evidence could not with reasonable diligence have been discovered and produced at trial and such evidence is so substantial that a different result may have occurred.*

(Emphasis supplied.)

We begin by noting that the italicized language in the statute has two requirements: (1) that the new evidence could not with reasonable diligence have been discovered and produced at trial; *and* (2) such evidence is so substantial that a different result may have occurred. If both requirements are not met, Wabashaw's motion for new trial is barred by the 5-year time limitation set forth in the statute.

We first consider whether the issues related to the coins could have been discovered and produced at trial with the exercise of reasonable diligence. There is no dispute that Wabashaw and his counsel were aware of the existence of the coins at the time of trial. Additionally, Wabashaw attached to his motion an "Ex. G," a portion of his trial counsel's testimony from a postconviction hearing. In that testimony, Wabashaw's trial counsel was asked if he made any argument at trial "concerning the absence of evidence relating either to fingerprint evidence or DNA evidence from those coins that might have linked those coins to [Wabashaw] to the Pony Express robbery?" Wabashaw's trial counsel answered that he would have to look at the transcript to recall, but, "I know that that was one of the points in our defense . . . [t]hat the coins had not been processed." Based on that testimony, it is possible that the absence of the coins and any possible fingerprint or DNA evidence on them was used strategically by the defense at trial, presumably to show the absent coins could not be linked to Wabashaw. However, regardless of strategy decisions, it is clear Wabashaw and his counsel were aware of the coins not yet being tested or were otherwise unavailable at the time of trial, and yet they still elected to proceed to trial. If it was genuinely believed that having the coins present at trial or that testing the coins for fingerprints or DNA

would somehow provide exculpatory evidence, a request to continue trial could have been made. Reasonable diligence would have revealed whether the evidence had been lost or destroyed or otherwise concealed. Evidence pertaining to the coins fails to satisfy the first requirement of § 29-2103(4).

We now consider whether the issues related to the officer's alleged false testimony or concealment of the coins could have been discovered and produced at trial with the exercise of reasonable diligence. Whether the officer believed the coins were being tested, or knew they were not being tested and testified falsely, is irrelevant to the decision made by Wabashaw and his trial counsel to proceed to trial without a final determination as to whether any testing was being performed. Wabashaw was aware of the testing, and to the extent he believed the results of such testing or the presence of the coins at trial could have aided his case, steps could have been taken to address that issue at the time, or at least no later than Wabashaw's earlier postconviction proceedings. The circumstances surrounding the existence of the coins and the claimed testing of the coins was not unknown to Wabashaw at the time of trial. The later revelation that the coins may not have been tested, or that the officer's belief in the testing was wrong or dishonest, is irrelevant to the strategic decision made by Wabashaw to move forward with trial despite not having the coins or the test results. Matters pertaining to the officer's testimony about the coins could have been discovered at the time of trial with the exercise of reasonable diligence. One moving for new trial on the basis of newly discovered evidence must show that the evidence was uncovered since the trial, that the evidence was not equally available before the trial, and that the evidence was not simply discovered by the exercise of belated diligence. *State v. Davis*, 23 Neb. App. 536, 875 N.W.2d 450 (2016). Also, it must involve something other than credibility of witnesses who testified at the former trial. *State v. Smith*, 202 Neb. 501, 276 N.W.2d 104 (1979).

Wabashaw's motion for new trial fails to satisfy the first requirement of § 29-2103(4) which requires that the new evidence could not with reasonable diligence have been discovered and produced at trial. Although our analysis could stop here since the statute requires satisfaction of both requirements, for the sake of completeness, we next consider the second requirement of the statute.

The second requirement is that any such newly discovered evidence is so substantial that a different result may have occurred. Even if Wabashaw had been able to establish that matters pertaining to the coins and the officer's testimony could not with reasonable diligence have been discovered and produced at trial, Wabashaw did not demonstrate that this evidence may have caused a different result. Wabashaw had admitted he committed the robbery and that he acted alone, and he had written and signed a statement saying he committed the robbery. Therefore, even if testing of the coins would have revealed no fingerprints or DNA tying Wabashaw to the coins, or if the officer was shown not to be truthful about sending the coins for testing or was otherwise concealing the coins, that evidence alone was not exculpatory, particularly in light of Wabashaw's confession and written statement that he committed the robbery. Wabashaw failed to establish the second requirement for newly discovered evidence in that he did not show that the evidence related to the coins or the false testimony may have caused a different outcome at trial.

The district court concluded that even if the evidence had been raised at the time of trial, it "*would not have likely* resulted in a different outcome[.]" (Emphasis supplied.) Wabashaw takes

issue with the district court's use of the italicized words, which he says suggests that the district court contemplated a higher level of proof than the word "may" requires when used in the § 29-2103(4), which states, "such evidence is so substantial that a different result *may* have occurred." (Emphasis supplied.) Regardless of word choice, as we have already concluded, neither the evidence regarding the absent or untested coins, nor the officer's claim that the coins were being tested, was so substantial in nature that a different result may have occurred. We find no abuse of discretion by the district court in denying Wabashaw's motion for new trial based on his claim of newly discovered evidence.

*Motion for New Trial Based on Accident or Surprise.*

Wabashaw also argues on appeal that a new trial should be granted pursuant to § 29-2101(3). Subsection (3) of the statute provides that a defendant may file a motion for new trial based on "accident or surprise which ordinary prudence could not have guarded against." A motion for new trial filed on these grounds "shall be supported by affidavits showing the truth of such grounds, and the grounds may be controverted by affidavits." Neb. Rev. Stat. § 29-2102(1) (Reissue 2016). A motion for new trial based on accident or surprise "shall be filed within ten days after the verdict was rendered unless such filing is unavoidably prevented[.]" § 29-2103(3).

Although his motion was filed years after his verdict, Wabashaw argues that the motion was unavoidably prevented by circumstances beyond his control and because he used all means available to obtain the new evidence in this case. He states that "[t]he concealment of the coins and inaccurate testimony of [the officer] could not have been guarded against by the exercise of ordinary prudence." Brief for appellant at 29.

For the reasons already discussed regarding newly discovered evidence, Wabashaw's argument under this provision of the new trial statute also fails.

CONCLUSION

The district court did not abuse its discretion when it overruled Wabashaw's motion for a new trial.

AFFIRMED.